VALENHOFF, PLAINTIFF AND APPELLANT, v. APONTE, DEFENDANT AND APPELLEE.

Appeal from the District Court of Ponce in an Action for Annulment of Contract of Purchase and Sale.

No. 2159—Decided April 20, 1920.

CONTRACT—DISEASED ANIMALS—PLEADING.—In a complaint based on section 1397 of the Civil Code it is not sufficient to allege that the animals sold became affected with glanders three or four days after the contract was entered into, but it is necessary to allege that the animals had that contagious disease when the sale was made.

The facts are stated in the opinion.

*Mr. R. Sánchez Montalvo* for the appellant.

*Mr. A. S. Poventud* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This action was brought originally in the Municipal Court of Ponce. It was alleged in the complaint that on November 2, 1917, the plaintiff purchased from the defendant a pair of horses for $350; that both horses died of glanders, a contagious disease, one having shown symptoms of the disease three or four days after the purchase and the other a little later. The municipal court gave judgment against the plaintiff.

The plaintiff then appealed to the district court. The

case was brought to trial and after the evidence had been examined "the defendant submitted for argument a demur-rer on the ground that the complaint did not state facts sufficient to constitute a cause of action." The court took the case under consideration and also gave judgment against the plaintiff. In his opinion the district judge expressed himself as follows:

"Under the authority of sections 1397 and 1400 of the Civil Code the court now sustains the demurrer interposed by the defendant, and after a careful examination of the evidence introduced by both parties the court is of the opinion that it would not support a judgment against the defendant even if the complaint were sufficient in law."

The plaintiff then appealed to the Supreme Court, alleging that the district court erred in not applying section 1397 of the Civil Code, in improperly applying section 1400 and in weighing the evidence.

Section 1397 of the Civil Code, which the plaintiff cites as governing the case, provides that "animals and cattle suffering from contagious diseases shall not be the object of a contract of sale. Any contract made with regard to the same shall be void." And it is manifest that if this section is applicable it must be admitted that the complaint does not state facts sufficient to constitute a cause of action, for it does not expressly allege that at the time the contract was made the horses were suffering from glanders, a contagious disease.

It seems that the plaintiff understands that that allegation is made impliedly in the complaint, inasmuch as it is alleged therein that one of the horses showed symptoms of the disease three or four days after the purchase of the pair, and this allegation, he contends, implies that the horses had necessarily contracted the disease at the time they were sold. In this connection he called as a witness the veterinary Angel C. Pou who testified that the time for the development

of the disease depended upon the manner in which it was contracted; "for instance, if the animal were inoculated with an active virus it might show symptoms within three to five days; but if the inoculation is made by natural means through the mouth or nose, it might develop symptoms in a month or perhaps not before three months." The veterinary examined the horse thirty-nine days after its purchase and to the direct question whether, taking into consideration the symptoms shown, he could state positively that the horse was diseased thirty-nine days previously, he answered: "It is hard to say. It had developed inflammation of the leg which showed symptoms of an acute character that are only perceivable after a period of one week." The witness then continued to answer other questions, but his testimony was vague and ambiguous.

Examined as a whole, the evidence showed that the plaintiff tried the horses before he bought them and found them satisfactory, and that after their purchase he made a trip with them to Villalba. The driver testified that they returned to Ponce three days later and that one of the horses already began to show symptoms of the disease, but the owner of the stables, while corroborating the statement as to the symptoms, testified that they did not return from the trip until six or seven days after their departure.

Such being, in brief, the result of the pleadings and the evidence and it not having been alleged or proved that the animals were suffering from a contagious disease at the time of the sale, we are of the opinion that, whether the case be governed by the section of the code invoked by the plaintiff himself, or whether section 1400 upon which the defendant relies be applied, or whether both sections be considered together, as was apparently done by the trial court, the court acted correctly in dismissing the complaint, and that consequently the appeal should be dismissed and the judgment appealed from

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.